

ENTERED
04/20/2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| CLEAR VENTURES, INC., | ) ) | CASE NO. 15-80092-G3-7 |
| Debtor, | ) ) ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Trustee's Motion to Limit Notice" (Docket No. 10). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Clear Ventures, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 5, 2015. Janet S. Northrup ("Trustee") is the Chapter 7 Trustee.

Trustee asserts in the instant motion that Debtor's mailing matrix contains 189 names. Trustee asserts that providing notices to all 189 persons would put an administrative burden on the estate. Trustee seeks to limit notices in the instant case to the Debtor, Debtor's counsel, the United States

Trustee, parties requesting notice, and the 20 largest unsecured creditors.  Trustee cites no authority for the relief requested.

## Conclusions of Law

Bankruptcy Rule 2002 sets forth notices required to be provided in bankruptcy cases.  Different subsections of Bankruptcy Rule 2002 specify whether the number of parties receiving notice can be reduced.  For example, Bankruptcy Rule 2002(a)(1) provides that notice shall be given to the debtor, the trustee, all creditors and indenture trustees, of the meeting of creditors.  Bankruptcy Rule 2002(a)(3) requires notice to these same parties of the hearing on approval of a compromise or settlement of a controversy, "unless the court for cause shown directs that notice not be sent."[1]

Because the standards are different as to different notices, this court does not approve a blanket limitation of notice.  If the Bankruptcy Rules permit limitation of notice with respect to a particular motion or other filing, the court may approve such limited notice, on the filing of an appropriate motion.

---

[1] The court notes that both these sets of notices may be reduced in various circumstances under Bankruptcy Rule 2002(h), which limits notices after 90 days after the meeting of creditors in a Chapter 7 case; Bankruptcy Rule 2002(i), which provides for limitation of notice to Committees; Bankruptcy Rule 2002(l), which provides for notice by publication; Bankruptcy Rule 2002(p), which provides an exception to the time requirements for notices to foreign creditors; and Bankruptcy Rule 2002(q), which creates an exception with respect to Chapter 15 cases.

In the instant motion, Trustee has requested a blanket limitation of notice. The court concludes that the instant motion should be denied, without prejudice to the filing of a motion to limit notice of a particular matter.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Trustee's Motion to Limit Notice" (Docket No. 10).

Signed at Houston, Texas on April 20, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE